**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAPHAEL CLARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-00875-JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER OF TRANSFER

This matter is before the Court on petitioner Raphael Clark's "Pro Se Motion to Run Federal and State Sentences Concurrently." Lacking jurisdiction, the Court must transfer the case to the Northern District of Florida where Clark is currently incarcerated.

Clark was convicted and sentenced in this district and in Missouri and Illinois state courts in connection with the 1982 bi-state kidnapping and murder of Gary and Donna Decker. In June of 1983, this Court sentenced Clark to a total of 120 years in prison on charges of kidnapping, interstate transport of a female for immoral purposes, use of a firearm to commit kidnapping, and interstate transport of a stolen vehicle. *United States v. Clark*, Case No. 4:83-cr-00011-RWS, Doc. 6. The judgment was silent as to whether the sentence should run concurrently or consecutively with any future state sentences. Consequently, federal law dictates that they would run consecutively. 18 U.S.C. § 3584(a). In April of 1984, a Missouri state court sentenced Clark to life without parole plus 50 years for the murder of Gary Decker. The court ordered that sentence to run consecutive to this Court's federal sentence. In June of 1987, an Illinois state court sentenced Clark to 50 years for the rape and murder of Donna Decker, with that sentence to run consecutive to both the federal and Missouri state sentences.

Clark has sought various forms of relief in this Court since 1986.[1] By the present motion, he asks the Court to modify his federal sentence to run concurrently, instead of consecutively, with his state sentences. In his motion, Clark vaguely references the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), which provides a framework for the Court to consider a discretionary reduction in sentence for "extraordinary and compelling" reasons. Given this reference, his motion was initially docketed for consideration in the underlying criminal case. However, upon closer review, the Court determined that, because Clark requests an amendment to the manner in which his sentence is being executed under 18 U.S.C. § 3584(a), the motion is more appropriately reviewed under 28 U.S.C. § 2241.[2] *See United States v. Knight*, 638 F.2d 46, 47 (8th Cir. 1981) (instructing that a challenge to the manner in which a sentence is executed is cognizable in habeas corpus under § 2241).

Ordinarily, a petition challenging the manner of execution of sentence under § 2241 must be brought in the district of confinement. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). Jurisdiction under § 2241 lies in the district of actual physical confinement and where a custodian responsible for the confinement is present. *Eddington v. USP Hazelton*, 2026 WL 640772, at *2 (E.D. Mo. Mar. 6, 2026) (citing *McCoy v. U.S. Bd. Of Parole*, 537 F.2d 962, 964 (8th Cir. 1976). "The usual rule is that a habeas case must be filed in the jurisdiction where the prisoner's captor (usually the warden of his prison) resides so that, if habeas relief is granted, the

---

[1] See *Clark v. United States*, Case No. 4:91-cv-1738-CDP (dismissing a motion to vacate or correct sentence under 28 U.S.C. § 2255); *Clark v. Henman*, Case No. 4:92-cv-140-JCH/CDP (denying a petition for writ of habeas corpus under 28 U.S.C. § 2254); *Clark v. State of Missouri*, Case No. 4:13-cv-623-JCH (dismissing as successive a petition for writ of habeas corpus under 28 U.S.C. § 2254); *Clark v. United States*, Case No. 4:17-cv-1802-RWS (dismissing as successive a motion to vacate or correct sentence under 28 U.S.C. § 2255, citing a prior motion denied in Case No. 86-0224C(1), which does not appear in the Court's electronic records).

[2] Regardless of procedural vehicle, were it left to this Court, the motion would be denied due to the depraved and heinous nature of the crimes committed in this case. Moreover, the Court fails to see how any relief here would reduce the overall time of incarceration, as both state sentences explicitly run consecutively to the federal sentence.

court has personal jurisdiction over the respondent." *Hoeppner v. Delafoisse*, 2026 WL 1750508, at *2 (D.S.D. Mar. 6, 2026) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) and 28 U.S.C. §§ 2242 and 2243). *See also Redding v. Thompson*, 2018 WL 850147, at *4 (D. Minn. Jan. 23, 2018) (transferring a § 2241 case to the district of the petitioner's confinement). Consequently, this Court lacks jurisdiction to review Clark's petition.

When a district court finds it lacks jurisdiction to entertain a civil action, it may, in the interest of justice, transfer such action to any other district court in which the action could have been brought at the time it was filed. 28 U.S.C. § 1631. Upon such transfer, the action proceeds as if it had been originally filed in the district court to which it is transferred. *Id.*

When Clark filed his motion in April 2026, he was incarcerated at FCI Terre Haute in Indiana. (Doc. 1 at 37). However, he has since been transferred to FCI Mariana in Florida. (Doc. 3). The question then becomes where this case should be transferred.

A district court retains jurisdiction after a subsequent transfer only when the respondent custodian remains in the district. *Copley v. Keohane*, 150 F.3d 827, 830 (8th Cir. 1998). That is not the case here. There is no respondent in the Southern District of Indiana who could comply with that district court's order if relief were to be granted. *Hoeppner*, 2026 WL 1750508, at *4. Caselaw in this circuit counsels that the case should be transferred to the Northern District of Florida where Clark's current warden resides. *Id.* at *2; *Redding*, 2018 WL 850147, at *6. The Court therefore finds that it would be in the interest of justice to transfer this case to the United States District Court for the Northern District of Florida.[3]

---

[3] The Court acknowledges that there are exceptions to the "immediate custodian" or "district of confinement" rule, such as when the Government purposefully relocates a prisoner to make it difficult to know where a habeas petition should be filed, or where the Government is not forthcoming about the identity of the custodian or place of detention. *Guadalupe O. G. v. Bondi*, 2026 WL 296370, at *2 (D. Minn. Feb. 4, 2026) (citing *Padilla*, 542 U.S. at 454 (Kennedy, J. concurring)). The instant case does not present such exceptional facts.

Accordingly,

**IT IS HEREBY ORDERED** that that this action shall be **TRANSFERRED** to the United States District Court for the Northern District of Florida.

Dated this 30th day of October, 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE